J-S05020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD HUSTON AYCOCK | : | |
| | : | |
| Appellant | : | No. 1191 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 19, 2019,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s): CP-22-CR-0006001-2017.

BEFORE: SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:        **FILED: MARCH 30, 2020**

Richard Aycock appeals, *nunc pro tunc*, from the judgment of sentence, imposing an aggregate sentence of 9 to 18 years of incarceration, after a jury convicted Aycock of persons not to possess a firearm, carrying a firearm without a license, discharging a firearm into an occupied structure, recklessly endangering another person, possessing a controlled substance by a person not registered, and possessing a small amount of marijuana.[1] We affirm.

The jury found that, on October 21, 2017, Aycock was drinking in the Paxton Street Pub, a bar belonging to Jay Hunter. The bartender, William Latchford, informed Mr. Hunter that he would no longer serve Aycock alcohol, because he was visibly intoxicated.

_____

[1] 18 Pa.C.S.A. § 6105(a)(1), 18 Pa.C.S.A. § 6106(a)(1), 18 Pa.C.S.A. § 2707.1(a), 18 Pa.C.S.A. § 2705, 35 Pa.C.S.A. § 780-113(a)(16), 35 Pa.C.S.A. § 780-113(a)(31)(i), and 18 Pa.C.S.A. § 4910(1).

Next, Aycock stood up and pointed a gun at Mr. Latchford. Mr. Hunter and his bouncers quickly removed Aycock from the establishment. According to Mr. Hunter's testimony, "We proceeded to get him out, and he pulled the gun out of his pocket, and then proceeded—I held the gun. I grabbed the barrel of the gun and his arm, so that he couldn't proceed to bring it up. And we got him outside, and when we got him outside, I heard something fall, which I'm thinking was the gun, because I seen him bend over in the video that we took. And he pulled it up, picked it up, and fired it through the door." N.T., 2/13/19, at 23-24.

He identified Aycock, both out-of-court and in-court, as the man whom he wrestled out of his bar and who had opened fire on the bar. The Commonwealth submitted a video-surveillance recording of this incident into evidence that supported Mr. Hunter's versions of events. It also submitted forensics evidence and photos that showed the bullet's entrance into Paxton Street Pub. "An entry-hole indicated that a projectile came through the front door of the bar, entered the ceiling of the bar, and lodged somewhere in between the ceiling and the floor of the apartment located above the bar." Trial Court Opinion, 9/10/19, at 4.

Mr. Latchford also testified. His recollection of events coincided with Mr. Hunter's, and he likewise positively identified Aycock as the shooter. Mr. Latchford was "very certain" of this fact. N.T., 2/13/19, at 52.

Shortly after the incident, a policeman observed Aycock nearby, wearing clothing that matched Mr. Hunter's description of the shooter. The officer

- 2 -

repeatedly asked Aycock to stop, but he refused to comply. He continued walking away from the officer, despite numerous requests that he halt. Another officer came to assist. The police eventually had to taser Aycock to restrain and arrest him. A search of his person revealed a bag of marijuana and a bag of crack cocaine. The officers never recovered the gun.

The jury convicted Aycock, and the trial court sentenced him as stated above. Originally, Aycock did not appeal, but the trial court later reinstated his appellate rights, *nunc pro tunc*. He filed a post-sentence motion, claiming that the verdict was against the weight of the evidence. The trial court denied relief.

This timely appeal followed.

Aycock raises one issue for our review:

> Whether the trial court abused its discretion in denying [Aycock's] post-sentence motion, because the jury verdict was so contrary to the weight of the evidence as to shock one's sense of justice, where [he] was never shown to be the person who fired shots into the bar . . . .

Aycock's Brief at 5.

When facing a weight-of-the-evidence issue on appeal, it is critical that this Court not overstep its very limited role. We do so by adhering to a highly deferential standard of review.

As the Supreme Court of Pennsylvania reminded this Court, after we erroneously overturned various convictions on such an appellate theory:

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard

of review applied by the trial court. Appellate review of a weight claim **is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.** Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis in original) (citations omitted).

The High Court also went to great lengths to explain what it means by an abuse-of-discretion review. "The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge." *Id.* "Discretion is abused where the course pursued represents *not merely an error of judgment*, but where the judgment is manifestly unreasonable, or where the law is not applied, or where the record shows that the action is a result of partiality, prejudice, bias, or ill-will." *Id.* (emphasis added).

Here, the trial court said, "The guilty verdict certainly did not shock one's sense of justice." Trial Court Opinion, 9/10/19, at 6. In arguing to the contrary, Aycock fails to appreciate the difference between a d*e novo* review and one where we review only for an abuse of discretion. Throughout his argument, Aycock repeatedly asserts the arguments he made before the trial

court. He claims that he "was not shown to be the person who shot through the door of the Paxton Street Pub." Aycock's Brief at 15. He next explains why he believes that the Commonwealth's evidence and the testimony of Mr. Hunter and Mr. Latchford were all unreliable. He also reminds us that the Commonwealth never produced the weapon used in the shooting. *See id.* at 16.

However, all of this goes to the weight that the jury may afford the facts of record. None of it demonstrates how or that the trial court's decision that the verdict did not shock its conscience was a misapplication of law, manifestly unreasoned, or the result of partiality, prejudice, bias, or ill-will. In essence, Aycock asks us to substitute our view of the facts for that of the trial court by "stepp[ing] into the shoes of the trial judge and revisit[ing] the underlying question of whether the verdict was against the weight of the evidence, an analysis that is not appropriate under the appellate standard of review." *Clay*, 64 A.3d at 1056. This we may not do. It is not enough that either Aycock or this Court might "simply disagree with the jury's verdict . . . ." *Id.* at 1057.

As the *Clay* Court explained:

> an appellate court must first determine whether the trial judge's reasons and factual basis can be supported. Unless there are facts and inferences of record that disclose a palpable abuse of discretion, the trial judge's reasons should prevail. It is not the place of an appellate court to invade the trial judge's discretion any more than a trial judge may invade the province of a jury, unless both or either have palpably abused their function.
>
> To determine whether a trial court's decision constituted a palpable abuse of discretion, an appellate

- 5 -

court must examine the record and assess the weight of the evidence; ***not however, as the trial judge, to determine whether the preponderance of the evidence opposes the verdict, but rather to determine whether the court below in so finding plainly exceeded the limits of judicial discretion and invaded the exclusive domain of the jury.***

***Id.*** at 1056 (quoting ***Commonwealth v. Brown***, 648 A.2d 1177, 1189 (Pa. 1994)) (emphasis in original) (quotations omitted).

Aycock does not contend the trial court exceeded its limits of judicial discretion or invaded the province of the jury. Accordingly, he fails to assert – much less, establish – that the trial court abused its discretion in concluding that the jury's verdict did not shock its sense of justice.

We dismiss his appellate issue as meritless.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/30/2020